J-S53040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| AHMAAD RASHAD HOLTON | |
| Appellant | No. 1756 MDA 2015 |

Appeal from the PCRA Order September 22, 2015
in the Court of Common Pleas of Dauphin County Criminal Division
at No(s): CP-22-CR-0001297-2011

BEFORE: BOWES, SHOGAN, and FITZGERALD,* JJ.

MEMORANDUM BY FITZGERALD, J.:　　　　　　　**FILED SEPTEMBER 15, 2016**

Appellant, Ahmaad Rashad Holton, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas dismissing his second Post Conviction Relief Act[1] ("PCRA") petition. Appellant contends that his guilty plea counsel was ineffective and also avers that the trial court erred by failing to apply **Alleyne v. United States**, 133 S. Ct. 2151 (2013) retroactively. We affirm.

On September 21, 2011, Appellant entered a negotiated guilty plea to robbery, criminal conspiracy, person not to possess firearms, and carrying a firearm without a license. That same day, the trial court sentenced him to an aggregate term of eleven to twenty-two years of imprisonment.

---

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant did not file a post-sentence motion or direct appeal. On October 3, 2011, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed on October 5, 2011, and was subsequently granted leave to file a supplemental PCRA petition on behalf of Appellant. However, PCRA counsel filed a motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc)*, which the PCRA court granted by order dated December 2, 2011. On December 28, 2011, the PCRA court issued an order dismissing Appellant's first PCRA petition. Appellant filed a timely appeal, which this Court dismissed on May 8, 2012.

Over two years later, on December 12, 2014, Appellant filed the instant, *pro se* PCRA petition. After the PCRA court denied Appellant's motion for the assignment of counsel but granted him an extension of time, Appellant ultimately filed a supplemental PCRA petition on April 6, 2015. On July 2, 2015, the PCRA court issued a memorandum opinion and order containing the court's Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's second PCRA petition. On September 22, 2015, the PCRA court dismissed Appellant's petition. Appellant filed a timely appeal and a court-ordered Pa.R.A.P. 1925(b) statement. [2] On December 29, 2015, the PCRA

___

[2] We note that the PCRA court found Appellant's instant claims to be waived due to his failure to file a timely Pa.R.A.P. 1925(b) statement of matters complained of on appeal. Trial Ct. Op., 12/28/15. Conversely, Appellant contends that he did file a timely Rule 1925(b) statement, based upon the

- 2 -

court filed a Pa.R.A.P. 1925(a) opinion incorporating the analysis set forth in its Rule 907 notice of intent to dismiss.

This appeal followed wherein Appellant raises the following issues for our review:

> 1. Whether plea counsel (Deanna Muller, Esq. and Royce Morris, Esq.) rendered ineffective assistance of counsel by inducing Appellant to plead guilty to an aggregated sentence that ran consecutively which created a sentence that was manifestly excessive and clearly unreasonable.?
>
> 2. Whether plea counsel (supra) were ineffective for failing to conduct an independent inquiry as to whether Appellant's plea colloquy was knowing, voluntary and intelligent?
>
> 3. Did the trial court err in asserting that *Alleyne v. United States* did not apply retroactively to those on collateral review, where the Supreme Court's ruling is clearly one of a "substantial nature" pursuant to *Schriro v. Summerline*, 542 US 348 (2004)[?]

Appellant's Brief at 3.

Appellant argues that his plea counsel was ineffective for inducing him to plead guilty to a manifestly excessive sentence and for failing to ensure that his guilty plea was knowing, voluntary, and intelligent. *Id.* Appellant also contends that his sentence is illegal pursuant to *Alleyne*, 133 S. Ct. at 2163 (holding that any fact that invokes application of a mandatory

---

timing in which he received the PCRA court's order directing him to file such statement from the SCI-Houtzdale institutional mail. Appellant's Letter to Prothonotary, filed 6/06/16. For purposes of this appeal, we assume that Appellant's Rule 1925(b) statement was timely.

minimum sentence must be proven beyond a reasonable doubt and submitted to a jury). *Id.*

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). However, it is well established that the timeliness requirements of the PCRA are jurisdictional in nature as our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. ***See, e.g.***, ***Commonwealth v. Murray***, 753 A.2d 201, 203 ([Pa.] 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 ([Pa.] 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 477-78 (Pa. 2003) (some citations and parallel citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim

could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted). Pursuant to 42 Pa.C.S. § 9545(b)(3), "[a] judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time seeking such review." ***Commonwealth v. Jones***, 54 A.3d 14, 17 (Pa. 2012) (citations omitted).

When a petition is filed outside the one-year time limit, petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. ***Commonwealth v. Johnston***, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." (citation omitted)). The three exceptions to the general one-year time limitation are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

In the case *sub judice*, Appellant did not file a direct appeal and therefore his judgment of sentence became final thirty days after his September 2011 sentencing. **See Jones**, 54 A.3d at 17; 42 Pa.C.S. § 9545(b)(3). Thus, his instant PCRA petition, which was filed in December 2014, is untimely on its face. Appellant does not assert that any of the exceptions in Section 9545(b)(i)-(iii) apply to this case. Accordingly, the PCRA court lacked jurisdiction to consider the merits of Appellant's claim and we cannot address his PCRA petition. **See Johnston**, 42 A.3d at 1126. Further, it is of no moment that the PCRA court did not specifically address the untimely nature of Appellant's PCRA petition, because this Court will address this threshold question *sua sponte*. **See Whitney**, 817 A.2d at 477-78.

We note that even had Appellant argued that his **Alleyne** claim constituted an after-discovered constitutional right pursuant to the PCRA time-bar exception 42 Pa.C.S. § 9545(b)(1)(iii), his claim would lack merit. Neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that **Alleyne** applies retroactively to untimely PCRA petitions. Indeed, our Supreme Court recently held that **Alleyne** does not apply retroactively to cases pending on collateral review. **Commonwealth v. Washington**, ___ A.3d ___ , ___ , 2016 WL 3909088 at *8 (Pa. July 19, 2016). Accordingly, because Appellant has not established any of the

timeliness exceptions to the PCRA time-bar, the PCRA court lacked jurisdiction to address his claims and we affirm the dismissal of Appellant's instant untimely PCRA petition. *See Johnston*, 42 A.3d at 1126.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2016